IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAHEEM WAY,

    Plaintiff,

v.  No. 23-cv-00223-WJ-JMR

PROBATION AND PAROLE,
STATE OF NEW MEXICO, VESTULA
CURRY, FNU APODACA, COURTNEY
ARONOWSKY,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DIRECTING AMENDMENT TO CLARIFY CLAIMS

**THIS MATTER** is before the Court on Plaintiff Raheem Way's Prisoner Complaint for Violation of Civil Rights, filed March 15, 2023 (Doc. 1) (the "Original Complaint"), and his Complaint to Recover Damages for Injury, filed March 22, 2023 (Doc. 6) (the "Supplemental Complaint"). For the reasons that follow, the Court will require Plaintiff Way to clarify his claims by filing a single amended complaint on a form provided by the Court.

**I.**     **Background**

Plaintiff is a state prisoner, incarcerated in the Southern New Mexico Correctional Facility in Las Cruces, New Mexico. He is proceeding *pro se* and *in forma pauperis*.

Plaintiff's Original Complaint was filed in this Court on a standard 42 U.S.C. § 1983 prisoner civil rights complaint form. Doc. 1. Although Plaintiff checked a box indicating he was filing a § 1983 claim, in response to the question: "If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?", Plaintiff wrote "violation of New Mexico Civil Rights Act." Doc. 1 at 3. The Complaint

itself contains sparse information—indicating that Plaintiff was the victim of a sexual assault by another inmate, causing him mental distress and humiliation, and seeking monetary damages and to be released from prison. Doc. 1 at 5. For the details underlying his claims, Plaintiff refers to the following attachments: a letter from the New Mexico Corrections Department advising Plaintiff that his allegation of sexual abuse was substantiated and advising him of his options; a document indicating Plaintiff's sentence; and a state tort complaint and related documents in which Plaintiff invokes the New Mexico Civil Rights Act, several tort theories, and the New Mexico Human Rights Act and also cites numerous federal and state cases. Doc. 1 at 4; *see also id.* at 12-23. Seven days after filing the Original Complaint, Plaintiff filed the Supplemental Complaint, which is on a state tort complaint form, and appears duplicative, or substantially like, that which is attached to the Original Complaint. Doc. 6. The Supplemental Complaint clearly invokes the New Mexico Civil Rights Act, but also contains references to rights protected by both the New Mexico and United States Constitutions (due process and equal protection). Doc. 6 at 2. Neither the Original Complaint nor the Supplemental Complaint indicate what the numerous defendants allegedly did in violation of Plaintiff's rights guaranteed by state or federal law.

**II.     Plaintiff Must Clarify his Claims.**

Because Plaintiff is incarcerated, the Complaint is subject to *sua sponte* screening.  *See* 28 U.S.C. § 1915A (requiring screening of prisoner civil rights complaints). The Court must dismiss any pleading that is frivolous, malicious, or fails to state a cognizable claim. *Id.* However, the Court cannot currently perform its screening function because it is unclear which claims Plaintiff intends to assert and against whom. Instead of providing a short and plain statement showing his entitlement to relief and specifying the relief he seeks, as required by Federal Rule of Civil Procedure 8(a), Plaintiff simply cites several legal theories and generalized allegations of harm.

The Court will not attempt to construct Plaintiff's causes of action for him. *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014). Instead, Plaintiff will be required to clarify his claims against each of the defendants by filing a single prisoner civil rights complaint on a form provided by the Court.

In addition to providing a short and plain statement of his entitlement to relief on a single amended form complaint, Plaintiff must clarify the nature of his claims. It appears that Plaintiff seeks primarily to pursue claims for the violation of his rights under the New Mexico Civil Rights Act, and it is not clear whether he seeks to state any claims for violations of his federal Constitutional rights under 42 U.S.C. § 1983. Plaintiff must therefore clarify whether his civil rights claims arise under federal and/or state law so the Court may determine whether they are properly raised in federal court. To inform Plaintiff's decision, the Court provides the following general overview of the governing law:

<u>The Federal Civil Rights Act</u>

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. Section 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To plead a viable claim, a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See*

*Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. A § 1983 complaint must clearly identify "exactly who is alleged to have done what to whom" so that each defendant has notice of the basis of the claims against them particularly. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

A § 1983 action against a public official or entity may not be based solely on a theory of *respondeat superior* liability for the actions of government employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To state a viable § 1983 claim against a local governing body (such as a county), a plaintiff must allege with specificity that conduct undertaken pursuant to an "official policy [or governmental custom] is responsible for a deprivation of rights protected by the constitution." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *see Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010) ("[A] local governmental entity . . . cannot be held liable for the acts of its employees on a theory of *respondeat superior*. Rather, it will only be held liable for its own acts—acts it has officially sanctioned or ordered."). "A challenged practice may be deemed an official policy or custom for § 1983 . . . purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policy maker, or deliberately indifferent training or supervision." *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 770 (10th Cir. 2013).

The New Mexico Civil Rights Act

For claims arising after July 1, 2022, the New Mexico Civil Rights Act creates a cause of action for violations of rights, privileges, or immunities secured pursuant to the bill of rights of the constitution of New Mexico. *See* NMSA 1978 §§ 41-4A-3; 41-4A-12. Unlike § 1983, the New Mexico Civil Rights Act provides that public bodies "shall be held liable for conduct of individuals acting on behalf of, under color of or within the course and scope of the authority of the public

body." *Id.* "Claims brought pursuant to the New Mexico Civil Rights Act [must] be brought exclusively against a public body." NMSA 1978 § 41-4A-3(C). "As used in the New Mexico Civil Rights Act, 'public body' means a state or local government, an advisory board, a commission, an agency, or an entity created by the constitution of New Mexico or any branch of government that receives public funding. . . ." NMSA 1978 § 41-4A-2. The New Mexico Civil Rights Act also waives sovereign immunity and prohibits the use of the defense of qualified immunity for causing the deprivation of any rights, privileges, or immunities secured by the bill of rights of the New Mexico Constitution. NMSA 1978 §§ 41-4A-4, 41-4A-9.

**IT IS HEREBY ORDERED** that within **thirty days** of the entry of this Memorandum Opinion and Order, Plaintiff Raheem Way must clarify his claims by filing a single amended complaint on a prisoner civil rights complaint form provided by the Court. Failure to timely comply may result in dismissal of this case without further notice.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail a blank prisoner's civil rights complaint to Plaintiff together with a copy of this Memorandum Opinion and Order.

_____
UNITED STATES MAGISTRATE JUDGE