IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAHEEM WAY,

    Plaintiff,

v.                                                                       1:23-cv-00223-WJ-JMR

PROBATION AND PAROLE; STATE OF NEW
MEXICO; CHARLES TULLY, *Office of Probation and Parole*;
JOHN OR JANE DOE, *Office of Probation and Parole*;
ANTHONY APODACA, JR.; TIMOTHY HATCH, *Warden of
the Santa Fe Prison Facility;* JOHN OR JANE DOE 2, *the
Office of NMCD PREA Coordinator*; RONALD MARTINEZ,
*Office of Warden of Southern New Mexico Correctional Facility*;
OLIVIA SANCHEZ; WILLIE FLORES, *Unit Manager of Southern
New Mexico Correction Facility*; RACHEL MUNOZ,
*Office of PREA Coordinator*; and THERESA SILVA,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on defendants Timothy Hatch, John or Jane Doe, Office PREA Coordinator or Representative, Ronald Martinez, Olivia Sanchez, Willie Flores, Rachel Munoz, and Theresa Silva's Motion to Stay on the Basis of Qualified Immunity, filed on September 23, 2024.  Doc. 45.  Plaintiff Raheem Way had until October 10, 2024 to file a response.  *See* D.N.M.LR-Civ. 7.4(a) ("[a] response must be served and filed within fourteen (14) calendar days after service of the motion") and FED. R. CIV. P. 6(d) (when service is made by mail, "3 days are added after the period would otherwise expire under Rule 6(a)").  Mr. Way did not file a response in the time allowed.  This failure constitutes consent to grant the motion. *See* D.N.M.LR-Civ. 7.1(b) ("failure of a party to file a serve a response in opposition to the motion within the time prescribed for doing so constitutes consent to grant the motion").  Having read the defendants' submission and being fully advised in the premises, the Court finds that the

motion to stay discovery is well taken and will GRANT it.

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.  The privilege is an immunity from suit rather than a mere defense to liability[.]" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (quotation marks omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).  The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526.  The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231 (quotation marks and brackets omitted).  Thus, in general, when a defendant asserts the defense of qualified immunity on a motion to dismiss, the district court should stay discovery until the immunity issue is resolved. *Workman*, 958 F.2d at 336.  Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised. *See id.*; *see also Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished).[1]

IT IS THEREFORE ORDERED that defendants Timothy Hatch, John or Jane Doe Office PREA Coordinator or Representative, Ronald Martinez, Olivia Sanchez, Willie Flores,

---

[1] *See also Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009) (noting that a defendant raising the defense of qualified immunity "would not be free from the burdens of discovery" if "pretrial proceedings continue for other defendants" because he would still need to "participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to [his] position").

Rachel Munoz, and Theresa Silva's Motion to Stay on the Basis of Qualified Immunity (Doc. 45) is GRANTED. Discovery in this case shall be stayed, as to all defendants, pending resolution of defendants Timothy Hatch, John or Jane Doe, Office PREA Coordinator or Representative, Ronald Martinez, Olivia Sanchez, Willie Flores, Rachel Munoz, and Theresa Silva's Motion to Dismiss (Doc. 44), or until further order of the Court.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge