IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RAHEEM WAY,
     Plaintiff,

v.                                    1:23-cv-00223-WJ-JMR

TIMOTHY HATCH, *Warden of the Santa Fe Prison Facility*; JOHN OR JANE DOE, *the Office of NMCD PREA Coordinator*; RONALD MARTINEZ, *Office of Warden of Southern New Mexico Correctional Facility*; OLIVIA SANCHEZ; WILLIE FLORES, *Unit Manager of Southern New Mexico Correction Facility*; RACHEL MUNOZ, *Office of PREA Coordinator*; and THERESA SILVA,

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on its three *sua sponte* Orders to Show Cause. Docs. 86, 87, 93. Senior District Judge William P. Johnson referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 27. I find that *pro se* Plaintiff Raheem Way has abandoned his civil case. Accordingly, I recommend that the Court dismiss the case without prejudice. *See* FED. R. CIV. P. 41(b); D.N.M.LR-Civ. 41.1.

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citation omitted); *see also Colorado E. Ry. Co. v. Union Pac. Ry. Co.*, 94 F.

312, 313 (8th Cir. 1899) ("[E]very court has the power to dismiss a cause for want of prosecution."). Local Rule similarly states, "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M.LR-Civ. 41.1. Notably, *pro se* litigants "must follow the same rules of procedure that govern other litigants." *Okla. Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

Mr. Way has unambiguously abandoned his case. On June 25, 2025, Mr. Way was released from state custody. Since his release, Mr. Way has not made any efforts to prosecute this action, nor has he even acknowledged the case. The Court has not received any communication from Mr. Way since June 9, 2025. *See* Doc. 69. Since then, the Court issued three orders to show cause. Docs. 86, 87, 93. Mr. Way failed to respond to all three. Mr. Way similarly failed to respond to Defendants' Motion for Summary Judgment requesting that the claims against them be dismissed. *See* Doc. 83; *see also* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court warned Mr. Way repeatedly that failure to respond, "may result in the Court dismissing the case." Doc. 86 at 2. Most recently, the Court stated: "If Mr. Way fails to respond to this order to show cause, the Court will presume that Mr. Way intends to abandon this case." Doc. 93 at 2. Still, he has not done so. Accordingly, I recommend that the Court find that Mr. Way has abandoned his case.[1]

For that reason, I recommend that the Court dismiss Mr. Way's case without prejudice for failure to prosecute. *See* FED. R. CIV. P. 41(b); D.N.M.LR-Civ. 41.1.

---

[1] Notably, this Proposed Findings and Recommended Disposition provides Mr. Way a final opportunity to object and explain why his case should not be dismissed. *See* 28 U.S.C. § 636(b)(1); *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma***, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

JENNIFER M. ROZZONI
United States Magistrate Judge